**No. 50842.**—Protest 90430–K of Wilbur Ellis Co. (San Francisco).

Ekwall, Judge: Importations of woven wire netting were assessed with dumping duty under the Antidumping Act of 1921. Plaintiff in this action has filed protest against such assessment on the ground that the appraisement, reappraisement, and liquidation are null and void because the mandatory requirements of section 499, Tariff Act of 1930, were not complied with in that the collector failed to designate, and the appraiser failed to examine the statutory number of packages in the importation.

Appraisement was made prior to the enactment of the Customs Administrative Act of 1938.

From the testimony introduced at the hearing held at the port of San Francisco and an examination of the official papers it is apparent that the designation of the collector was as follows in each case:

U. S. Appraiser will examine at wharf before delivery.

It has been held that the designation "Wharf" upon the summary sheet is an insufficient designation in that it does not comply with said section 499. We find that the above-quoted designation is insufficient and not in compliance with the statute. See *New York Match Co., Inc., et al.* v. *United States*, 3 Cust. Ct. 283, C. D. 255; *United States* v. *Stauffer Eshleman & Co., Ltd., et al.*, Reap. Dec. 5732; and *Sabine Transportation Co.* v. *United States*, Reap. Dec. 4409.

There is nothing in the record to indicate that the Secretary of the Treasury had promulgated any special regulation with respect to the designation and examination of this type of merchandise.

The law is well settled that the requirements of the statute are mandatory. Inasmuch as they have not been complied with in this case, we sustain the claim of the plaintiff that the liquidations herein are illegal for the reason that the appraisement and reappraisement were null and void. Therefore the dumping duty was illegally assessed.

Judgment will be rendered accordingly.

**No. 50843.**—Protest 47358–K of J. E. Caldwell & Co. (Philadelphia).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protest was sustained to this extent.

**No. 50844.**—Protests 48375–K, etc., of C. H. Powell Co. et al. (Boston).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, JANUARY 25, 1946

**No. 50845.**—Protests 120329–K, etc., of Allied Purchasing Corp. et al. (New York).

Opinion by Mollison, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JANUARY 25, 1946

**No. 50846.**—Protest 58233–K of Gerber & Co., Inc. (New York).

Opinion by Cline, J. It was stipulated that certain items of the merchandise consist of portions of cheese packed in boxes and that all such portions, except one portion which is Tilsit, are similar in all material respects to the cheese the subject of *Kraft Phenix Cheese Corp.* v. *United States* (10 Cust. Ct. 271, C. D. 767). In accordance therewith the merchandise in question was held dutiable as claimed.

**No. 50847.**—Protests 969682–G, etc., of Strauss-Eckardt Co., Inc. (Baltimore).

Opinion by Keefe, J. It was stipulated that the merchandise consists of bonbon dishes similar in all material respects to those the subject of *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310). In accordance therewith the merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

**No. 50848.**—Protests 5673–K, etc., of Ernest Hirsch (New York).

Opinion by Keefe, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.